In re Brian Anthony HOWE, Debtor.

Simon KIRKE, et al., Plaintiffs,

v.

Brian Anthony HOWE, Defendant.

Brian Anthony HOWE, Counterclaimant,

v.

Bankruptcy No. 98–4128–9P3.
Adversary No. 98–223.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 15, 1998.

See also 221 B.R. 552, 221 B.R. 557.

W. Patrick Ayers, Tampa, FL, for Plaintiffs.

John D. Goldsmith, Tampa, FL, for Defendants.

Jeffrey C. Hoffman, New York City, Co–Counsel for Plaintiffs.

Stevens H. Weiss, Mill Neck, NY, Agent for Simon Kirke Esskay, Ltd., et al.

---

**ORDER ON EMERGENCY MOTION OF SIMON KIRKE, MICK RALPHS, ESSKAY, LTD. AND WARDPINE, LTD. FOR TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, RENEWED MOTION FOR RELIEF FROM STAY AND TO HOLD DEBTOR IN CONTEMPT OR IMPOSE SANCTIONS AGAINST DEBTOR (DOC. # 2)**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is an emergency motion filed by Simon Kirke, Mick Ralphs, Esskay, Ltd. and Wardpine, Ltd., (Plaintiffs) seeking a temporary restraining order or, alternatively, stay relief and to hold Brian Anthony Howe (Debtor), in contempt or impose sanctions against him.

The relevant portion of the record of this Chapter 13 case involves an ongoing slugfest between the parties which centers around

the right to use the name of "Bad Company." On one hand it is contended by the Debtor he is entitled to use the name when he is performing as an artist. On the other hand, the Plaintiffs contend that he has signed and relinquished all his rights to the name Bad Company and, therefore, he has not only lost the right to use the name, but by using it he is in violation of the Lanham Trade–Mark Act, § 43(a), as amended, 15 U.S.C.A. § 1125(a).

The issue was initially presented for this Court's consideration by a Motion filed by the Debtor who sought an order authorizing him to reject an executory contract described as an Agreement entered into on June 1, 1994 (Agreement) between the Debtor and the Plaintiffs. The Agreement was designed to resolve the differences between the Debtor and Plaintiffs, Simon Kirke and Mick Ralphs, members of the band known as "Bad Company."

Upon the conclusion of a hearing on the Debtor's Motion, this Court entered an Order on May 6, 1998, which determined, *inter alia*, that the Agreement was no longer an executory contract and, thus, was not subject to rejection. This Court also ruled that the Debtor may refer to himself only as, "Brian Howe, Former Lead Singer of Bad Company."

The Motion under consideration alleges that notwithstanding the clear language of the May 6, 1998 Order, the Debtor conducted a concert on Friday May 8, 1998, in the Aztec Speedway, Aztec, New Mexico, in which he was billed as "Bad Company" with small print, "Lead Singer, Brian Howe."

The following promotional materials were produced.

(A) Tickets for a performance scheduled for May 8, 1998, at Aztec Speedway, Aztec, New Mexico listing the performers as "BAD COMPANY with BRIAN HOWE."

(B) An advertisement for the performance on May 8, 1998, at Aztec Speedway, Aztec, New Mexico listing the performs as "BAD COMPANY with former LEAD SINGER BRIAN HOWE."

(C) Wolfman Jack Entertainment list to agents and entertainment buyers listing artists available for performances and listing Brian Howe as "BAD COMPANY with Brian Howe."

(D) Promotional material by artists International Management, Inc. about Brian Howe. The material is headed,

---

BAD

with Brian Howe

COMPANY

---

It also quotes Mr. Howe as saying, "I shall have the passion to continue as I have before ... I take no prisoners ... I am BAD COMPANY!!!!!!!"

(E) An agreement between Artist International Management, Inc. and Brian Howe engaging Brian Howe for a performance at the Apache Nugget Casino in Dulce, Mew Mexico on May 5, 1998, listing Brian Howe as "Bad Company former lead singer BRIAN HOWE/Top Notch Ent. Cor (sic)"

(F) An AIM Billing Notice stating "THIS GROUP IS TO BE BILLED AS: Bad Company former lead singer BRIAN HOWE."

See Plaintiffs' Composite Exhibit A.

Based on these facts, the Plaintiffs' filed the instant Emergency Motion seeking an order expressly prohibiting the Debtor from violating the May 6, 1998 Order, alternatively, relief from the automatic stay in order to continue to litigate with the Debtor in the United States District Court for the Southern District of New York. They also sought an order finding the Debtor in contempt and the imposition of sanctions. In defense the Debtor contends that he is not responsible for the actions of his promoters and intimated that it is proper and is not in violation of the May 6, 1998 Order to promote concerts featuring "Bad Company with Former Lead Singer Brian Howe."

■ The plain reading of the May 6, 1998 Order leaves no doubt that the Debtor is not entitled to use the language "Bad Company with Former Lead Singer Brian Howe" in any advertisement or other promotional material, printed or otherwise. The defense that they are not responsible for the adver-

tisement is unacceptable and clearly cannot be excused.

In sum, this Court is satisfied that the Debtor violated the May 6, 1998 Order. Although technically the Debtor is in civil contempt by his willful, knowing violation of the May 6, 1998 Order, this Court will not impose any sanctions provided that no concert will be promoted hereafter, other than by using the language *"Brian Howe, Former Lead Singer of Bad Company"* in any future advertisement or promotional material.

Based on the foregoing this Court is also satisfied that the Motion for relief from stay should not be granted at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion For Temporary Restraining Order, treated as a motion for preliminary injunction, be and the same is hereby granted. The Debtor is hereby prohibited from promoting or causing to be promoted any concerts in the future by publishing any printed material or any other media in a manner other than *"Brian Howe, Former Lead Singer of Bad Company."* Further, in any printed material the size of the name "Bad Company" shall not exceed 25% of the balance of the promotional material featuring the concert. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Stay Relief is denied without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that Motion to Impose Sanctions is denied without prejudice.